1  Tyler J. Woods (State Bar No. 232464)
   twoods@trialnewport.com
2  Tu-Quyen Pham (State Bar No. 260864)
   tpham@trialnewport.com
3  **NEWPORT TRIAL GROUP**
   A Professional Corporation
4  4100 Newport Place, Suite 800
   Newport Beach, CA  92660
5  Tel: (949) 706-6464
   Fax: (949) 706-6469
6
7  **HIDEN, ROTT & OERTLE, LLP**
   A Limited Liability Partnership
   Including Professional Corporations
8  ERIC M. OVERHOLT, ESQ.   (C.S.B. 248762)
   eoverholt@hrollp.com
9  2635 Camino del Rio South, Suite 306
   San Diego, California 92108
10 Telephone: (619) 296-5884
   Facsimile:   (619) 296-5171
11
   *Attorneys for Plaintiff*
12

13             **UNITED STATES DISTRICT COURT**

14           **SOUTHERN DISTRICT OF CALIFORNIA**

15

16   THERMOLIFE INTERNATIONAL, LLC      Case No. **'13CV2188 BEN BGS**

17             Plaintiff,               **COMPLAINT FOR PATENT**
18             vs.                      **INFRINGEMENT**

19   MUSCLE WARFARE, INC.,
20                                      **JURY TRIAL DEMANDED**
21             Defendant.
22
23 ///
24 ///
25 ///
26 ///
27 ///
28 ///

HIDEN, ROTT & OERTLE, LLP
2635 Camino Del Rio South, Suite 306
San Diego, California 92108
TEL (619) 296-5884  FAX (619) 296-5171

1

1   Plaintiff Thermolife International, LLC ("Plaintiff") hereby alleges for its
2 Complaint against Muscle Warfare, Inc. ("Defendant"), on personal knowledge as
3 to its own activities and on information and belief as to the activities of others, as
4 follows:

## I.     THE PARTIES

6   1.   Plaintiff is a limited liability company organized and existing under
7 the laws of Arizona, with a place of business at 1811 Ocean Front Walk in Venice,
8 California, 90291.

9   2.   Plaintiff is and was at all relevant times the exclusive licensee of the
10 following United States Patents:

a. Patent No. 6,646,006, titled "Enhancement of Vascular Function By Modulation of Endogenous Nitric Oxide Production or Activity";

b. Patent No. 6,117,872, titled "Enhancement of Exercise Performance by Augmenting Endogenous Nitric Oxide Production or Activity";

c. Patent No. 5,891,459, titled "Enhancement of Vascular Function By Modulation of Endogenous Nitric Oxide Production or Activity"; and

d. Patent No. 7,452,916, titled "Enhancement of Vascular Function By Modulation of Endogenous Nitric Oxide Production or Activity."

23   3.   The above patents are and were owned by The Board of Trustees of
24 the Leland Stanford Junior University ("Stanford University") and Plaintiff
25 exclusively licenses and licensed the patents from Stanford University.

26   4.   The above patents are referred to herein as the "patents in suit."

27 ///

28 ///

HIDEN, ROTT & OERTLE, LLP
2635 Camino Del Rio South, Suite 306
San Diego, California 92108
TEL (619) 296-5884  FAX (619) 296-5171

COMPLAINT FOR PATENT INFRINGEMENT

5.     Plaintiff has been given the right by Stanford University to institute suit with respect to past, current, and future infringement of the patents in suit, including this suit against Defendant.

6.     Defendant is a corporation organized and existing under the laws of Florida with a principal place of business at 3133 Fortune Way #1 in Wellington, Florida, 33414.

## II.     JURISDICTION AND VENUE

7.     This is an action for patent infringement arising under the patent laws of the United States, Title 35 of the United States Code. Accordingly, this Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331, 1338, and 1367.

8.     Venue is proper in this district pursuant to 28 U.S.C. §§ 1391 and 1400.

9.     This Court has personal jurisdiction over Defendant.  By way of example and without limitation, Defendant, directly or through intermediaries (including distributors, retailers, and others), makes, manufactures, ships, distributes, advertises, markets, offers for sale, and/or sells dietary supplement products that infringe on one or more claims of the patents in suit (hereinafter the "accused products"), which include without limitation products sold under the "Nuke," "MOAB," "Blitz Cycle," "M1-Bol," and "Napalm" brand names, in the United States, the State of California, and the Southern District of California.

10.     By way of further example and without limitation, Defendant has purposefully and voluntarily placed the accused products into the stream of commerce with the expectation that they will be purchased in the Southern District of California, and the products are actually purchased in the Southern District of California.

## III.     THE DEFENDANT'S INFRINGEMENTS

11.     Defendant has committed the tort of patent infringement within the State of California, and more particularly, within the Southern District of

HIDEN, ROTT & OERTLE, LLP
2635 Camino Del Rio South, Suite 306
San Diego, California 92108
TEL (619) 296-5884  FAX (619) 296-5171

3

California, by virtue of the fact that Defendant has formulated, made, manufactured, shipped, distributed, advertised, offered for sale, and/or sold the accused products in this District, and continues to do so.

## A. DIRECT INFRINGEMENTS

12.   Defendant's employees, agents, representatives and other persons sponsored by or who endorse Defendant and Defendant's products in advertising and marketing activities, have taken, used, and orally administered the accused products.

13.   The accused products are formulated, made, manufactured, shipped, distributed, advertised, offered for sale, and sold by Defendant to include certain ingredients that, by virtue of their inclusion in the products, infringe one or more claims of one or more of the patents in suit.

14.   The accused products are formulated, made, manufactured, shipped, distributed, advertised, offered for sale, and sold by Defendant to include specific ingredients for certain purposes that, by virtue of their inclusion in the products for such purposes, infringe one or more claims of one or more of the patents in suit, and as a result, when Defendant's employees, agents, representatives and other persons sponsored by or who endorse Defendant and Defendant's products in advertising and marketing activities orally administer the accused products, they are practicing and they practiced the methods disclosed in those claims.

15.   The purposes for which these ingredients are included in the accused products are and were, without limitation, to enhance nitric oxide production, to improve nitric oxide activity, to produce nitric oxide, to boost nitric oxide levels in the body, and to enhance physical performance.

16.   Defendant encouraged and/or is aware of the fact that its employees, agents, representatives and other persons sponsored by Defendant or who endorse Defendant and Defendant's products in advertising and marketing activities orally administered and administer the accused products and practice and practiced the

HIDEN, ROTT & OERTLE, LLP
2635 Camino Del Rio South, Suite 306
San Diego, California 92108
TEL (619) 296-5884  FAX (619) 296-5171

4

1   methods disclosed in one or more claim of one or more of the patents in suit, and
2   these employees, agents, representatives and other persons sponsored by Defendant
3   or who endorse Defendant and Defendant's products in advertising and marketing
4   activities are and were acting under Defendant's direction and control when
5   practicing those methods.

6       17.    Therefore, Defendant is and was a direct infringer of one or more
7   claims of one or more of the patents in suit, and Defendant practices and practiced
8   the methods as set forth in one or more claims of one or more of the patents in suit.

## B. INDIRECT INFRINGEMENTS

10      18.    End-users of Defendant's accused products were and are also direct
11  infringers of one or more claims of one or more of the patents in suit.

12      19.    End-users of Defendant's accused products have taken, used, and
13  orally administered the accused products.

14      20.    The accused products are and were formulated, made, manufactured,
15  shipped, distributed, advertised, offered for sale, and/or sold by Defendant to
16  include certain ingredients that, by virtue of their inclusion in the products, infringe
17  and infringed one or more claims of one or more of the patents in suit.

18      21.    The accused products are and were formulated, made, manufactured,
19  shipped, distributed, advertised, offered for sale, and/or sold by Defendant to
20  include specific ingredients for certain purposes that, because of their inclusion in
21  the products for such purposes, infringe and infringed one or more claims of one or
22  more of the patents in suit, and as a result, when end-users of Defendant's accused
23  products orally administer and administered the accused products, they are and
24  were practicing the methods disclosed in those claims.

25      22.    Defendant's labels and advertising for the accused products explain
26  and explained the elements and essential elements of one or more of the methods
27  disclosed in the patents in suit, and those labels and advertising statements
28  encourage, urge, and induce the accused products' end-users, and did so in the past,

HIDEN, ROTT & OERTLE, LLP
2635 Camino Del Rio South, Suite 306
San Diego, California 92108
TEL (619) 296-5884   FAX (619) 296-5171

5

to purchase and orally ingest the products to practice those methods, and end-users do and did practice those methods.

23.    Defendant has therefore specifically intended to cause these end-users to directly infringe the claimed methods of these patents, and in fact urged them to do so.

24.    The accused products are and were not suitable for non-infringing uses, and none of Defendant's labels or advertisements for the accused products disclose or disclosed any uses for the products, nor for the compounds disclosed in the claimed methods of the patents in suit, that do not infringe upon such methods.

25.    The inclusion of the specific infringing compounds in the products is and was material to practicing such methods.

26.    Defendant has and had knowledge that the accused products are and were especially adapted by end-users of the products for the practicing of such methods, and, indeed, Defendant encourages, urges, and induces the accused products' end-users to purchase and orally administer the accused products to practice such methods, and has done so in the past.

27.    Defendant intentionally and knowingly induced, encouraged, and urged end-users of the accused products to purchase and orally administer the accused products for the purposes of practicing the claimed methods, by having them orally ingest the compounds disclosed in such claims.

28.    Defendant has and had knowledge of the fact that the accused products, particularly as administered, infringe on one or more claims of the patents in suit.

29.    Defendant has and had direct, firsthand knowledge of the patents in suit.

30.    For example and without limitation, Plaintiff believes Defendant has had knowledge of the patents in suit since November 2006, when an ongoing settlement of a patent infringement case relating to at least some of the patents in

HIDEN, ROTT & OERTLE, LLP
2635 Camino Del Rio South, Suite 306
San Diego, California 92108
TEL (619) 296-5884   FAX (619) 296-5171

COMPLAINT FOR PATENT INFRINGEMENT

suit against Herbalife, a well-known company in Defendant's industry, was announced in press releases issued in a highly publicized manner. Plaintiff believes Defendant's employees, agents, and representatives saw the press releases and were aware of the settlement and thus the patents in suit.

31. By way of further example and without limitation, Defendant sold its products through retailers, including online retailers, and those retailers have sold other companies' products whose labels and/or advertisements have been prominently marked with one or more of the patents in suit, by patent number, including without limitation, upon information and belief, the products manufactured and sold by Herbalife, Daily Wellness, and Vitality Research Labs. Defendant's employees, agents, and representatives have seen these labels and advertisements and, thus, Defendant has and had direct knowledge of the patents in suit.

32. By way of further example and without limitation, Defendant received written notice of the patents in suit from Plaintiff in April 2013.

33. Defendant brazenly and willfully decided to infringe the patents in suit despite knowledge of the patents' existence and its knowledge of the accused products' infringements of the patents.

34. At a minimum, and in the alternative, Plaintiff pleads that Defendant willfully blinded itself to the infringing nature of the accused products' sales.

35. Defendant did not cease its own direct infringement, nor its contributory infringement or inducement of infringement by end-users, despite its knowledge of the patents in suit and the end-users' infringing activities with respect to the patents in suit.

## IV.   FIRST CAUSE OF ACTION

### Infringement of U.S. Patent No. 6,646,006

36. Plaintiff repeats and re-alleges the allegations of the foregoing paragraphs of this Complaint as if fully set forth herein.

HIDEN, ROTT & OERTLE, LLP
2635 Camino Del Rio South, Suite 306
San Diego, California 92108
TEL (619) 296-5884   FAX (619) 296-5171

37.     Defendant has in the past literally and directly infringed or directly infringed under the doctrine of equivalents one or more claims of United States Patent No. 6,646,006 by making, using, selling, and offering for sale the accused products, or any one of those products.

38.     In addition to the fact that Defendant makes, uses, sells, and offers for sale the accused products, and did so in the past, further examples of Defendant's direct infringements include, without limitation, the fact that Defendant encouraged and/or is aware of the fact that its employees, agents, representatives and other persons sponsored by or who endorse Defendant and Defendant's products in advertising and marketing activities orally administer the accused products and practice the methods disclosed in one or more claims of United States Patent No. 6,646,006, and these employees, agents, representatives and other persons sponsored by or who endorse Defendant and Defendant's products in advertising and marketing activities acted under Defendant's direction and control when practicing those methods.

39.     Defendant encouraged and was aware of these persons' oral administration of the accused products for these purposes, these persons are acting under Defendant's direction and control, and therefore Defendant directly practiced the methods disclosed in United States Patent No. 6,646,006.

40.     End-users of Defendant's accused products were also direct infringers of one or more claims of United States Patent No. 6,646,006.

41.     End-users of Defendant's accused products have taken, used, and orally administered the accused products.

42.     The accused products were formulated, made, manufactured, shipped, distributed, advertised, offered for sale, and sold by Defendant to include certain ingredients that, by virtue of their inclusion in the products, infringed one or more claims of United States Patent No. 6,646,006.

///

HIDEN, ROTT & OERTLE, LLP
2635 Camino Del Rio South, Suite 306
San Diego, California 92108
TEL (619) 296-5884   FAX (619) 296-5171

43.    The accused products were formulated, made, manufactured, shipped, distributed, advertised, offered for sale, and sold by Defendant to include specific ingredients for purposes that, by their inclusion in the products for such purposes, infringed one or more claims of United States Patent No. 6,646,006, and as a result, when end-users of Defendant's accused products orally administered the accused products, they were practicing the methods disclosed in one or more claims of that patent.

44.    Defendant's labels and advertising for the accused products explained the elements and essential elements of the methods disclosed in United States Patent No. 6,646,006, and those labels and advertising statements encouraged, urged, and induced the accused products' end-users to purchase and orally ingest the products to practice those methods, and end-users did practice those methods.

45.    Defendant therefore specifically intended to cause these end-users to directly infringe the claimed methods of United States Patent No. 6,646,006, and had in fact urged them to do so.

46.    The accused products were not suitable for non-infringing uses, and none of Defendant's labels or advertisements for the accused products disclosed any uses for the products, nor for the compounds disclosed in the claimed methods, that did not infringe upon such methods.

47.    The inclusion of these specific infringing compounds in the products was material to practicing such methods.

48.    Defendant had knowledge that the accused products were especially adapted by end-users of the products for the practicing of such methods, and, indeed, Defendant encouraged, urged, and induced the accused products' end-users to purchase and orally administer the accused products to practice such methods.

49.    Defendant intentionally and knowingly induced, encouraged, and urged end-users of the accused products to purchase and orally administer the accused products for the purposes disclosed in one or more claims of United States

HIDEN, ROTT & OERTLE, LLP
2635 Camino Del Rio South, Suite 306
San Diego, California 92108
TEL (619) 296-5884   FAX (619) 296-5171

9

Patent No. 6,646,006, by having them orally ingest the compounds disclosed in such claims.

50.   Defendant had knowledge of the fact that the accused products, particularly as administered, infringed on one or more claims of United States Patent No. 6,646,006.

51.   Defendant also had direct, firsthand knowledge of United States Patent No. 6,646,006 itself.

52.   Defendant's activities were without express or implied license by Plaintiff.

53.   As a result of Defendant's acts of infringement, Plaintiff suffered and will continue to suffer damages in an amount to be proved at trial.

54.   Defendant's past infringements and/or continuing infringements have been deliberate and willful, and this case is therefore an exceptional case, which warrants an award of treble damages and attorneys' fees in accordance with 35 U.S.C. § 285.

## V.   **SECOND CAUSE OF ACTION**

### Infringement of U.S. Patent No. 5,891,459

55.   Plaintiff repeats and re-alleges the allegations of the foregoing paragraphs of this Complaint as if fully set forth herein.

56.   Defendant has in the past literally and directly infringed or directly infringed under the doctrine of equivalents one or more claims of United States Patent No. 5,891,459 by making, using, selling, and offering for sale the accused products, or any one of those products.

57.   In addition to the fact that Defendant makes, uses, sells, and offers for sale the accused products, and did so in the past, further examples of Defendant's direct infringements include, without limitation, the fact that Defendant encouraged and/or is aware of the fact that its employees, agents, representatives and other persons sponsored by or who endorse Defendant and Defendant's products in

HIDEN, ROTT & OERTLE, LLP
2635 Camino Del Rio South, Suite 306
San Diego, California 92108
TEL. (619) 296-5884   FAX (619) 296-5171

advertising and marketing activities orally administer the accused products and practice the methods disclosed in one or more claims of United States Patent No. 5,891,459, and these employees, agents, representatives and other persons sponsored by or who endorse Defendant and Defendant's products in advertising and marketing activities acted under Defendant's direction and control when practicing those methods.

58. Defendant encouraged and was aware of these persons' oral administration of the accused products for these purposes, these persons are acting under Defendant's direction and control, and therefore Defendant directly practiced the methods disclosed in United States Patent No. 5,891,459.

59. End-users of Defendant's accused products were also direct infringers of one or more claims of United States Patent No. 5,891,459.

60. End-users of Defendant's accused products have taken, used, and orally administered the accused products.

61. The accused products were formulated, made, manufactured, shipped, distributed, advertised, offered for sale, and sold by Defendant to include certain ingredients that, by virtue of their inclusion in the products, infringed one or more claims of United States Patent No. 5,891,459.

62. The accused products were formulated, made, manufactured, shipped, distributed, advertised, offered for sale, and sold by Defendant to include specific ingredients for purposes that, by their inclusion in the products for such purposes, infringed one or more claims of United States Patent No. 5,891,459, and as a result, when end-users of Defendant's accused products orally administered the accused products, they were practicing the methods disclosed in one or more claims of that patent.

63. Defendant's labels and advertising for the accused products explained the elements and essential elements of the methods disclosed in United States Patent No. 5,891,459, and those labels and advertising statements encouraged,

11

HIDEN, ROTT & OERTLE, LLP
2635 Camino Del Rio South, Suite 306
San Diego, California 92108
TEL (619) 296-5884 FAX (619) 296-5171

urged, and induced the accused products' end-users to purchase and orally ingest the products to practice those methods, and end-users did practice those methods.

64.   Defendant therefore specifically intended to cause these end-users to directly infringe the claimed methods of United States Patent No. 5,891,459, and had in fact urged them to do so.

65.   The accused products were not suitable for non-infringing uses, and none of Defendant's labels or advertisements for the accused products disclosed any uses for the products, nor for the compounds disclosed in the claimed methods, that did not infringe upon such methods.

66.   The inclusion of these specific infringing compounds in the products was material to practicing such methods.

67.   Defendant had knowledge that the accused products were especially adapted by end-users of the products for the practicing of such methods, and, indeed, Defendant encouraged, urged, and induced the accused products' end-users to purchase and orally administer the accused products to practice such methods.

68.   Defendant intentionally and knowingly induced, encouraged, and urged end-users of the accused products to purchase and orally administer the accused products for the purposes disclosed in one or more claims of United States Patent No. 5,891,459, by having them orally ingest the compounds disclosed in such claims.

69.   Defendant had knowledge of the fact that the accused products, particularly as administered, infringed on one or more claims of United States Patent No. 5,891,459.

70.   Defendant also had direct, firsthand knowledge of United States Patent No. 5,891,459 itself.

71.   Defendant's activities were without express or implied license by Plaintiff.

///

HIDEN, ROTT & OERTLE, LLP
2635 Camino Del Rio South, Suite 306
San Diego, California 92108
TEL (619) 296-5884   FAX (619) 296-5171

72.   As a result of Defendant's acts of infringement, Plaintiff suffered and will continue to suffer damages in an amount to be proved at trial.

73.   Defendant's past infringements and/or continuing infringements have been deliberate and willful, and this case is therefore an exceptional case, which warrants an award of treble damages and attorneys' fees in accordance with 35 U.S.C. § 285.

## VI.   THIRD CAUSE OF ACTION

### Infringement of U.S. Patent No. 7,452,916

74.   Plaintiff repeats and re-alleges the allegations of the foregoing paragraphs of this Complaint as if fully set forth herein.

75.   Defendant has in the past literally and directly infringed or directly infringed under the doctrine of equivalents one or more claims of United States Patent No. 7,452,916 by making, using, selling, and offering for sale the accused products, or any one of those products.

76.   In addition to the fact that Defendant makes, uses, sells, and offers for sale the accused products, and did so in the past, further examples of Defendant's direct infringements include, without limitation, the fact that Defendant encouraged and/or is aware of the fact that its employees, agents, representatives and other persons sponsored by or who endorse Defendant and Defendant's products in advertising and marketing activities orally administer the accused products and practice the methods disclosed in one or more claims of United States Patent No. 7,452,916, and these employees, agents, representatives and other persons sponsored by or who endorse Defendant and Defendant's products in advertising and marketing activities acted under Defendant's direction and control when practicing those methods.

77.   Defendant encouraged and was aware of these persons' oral administration of the accused products for these purposes, these persons are acting

HIDEN, ROTT & OERTLE, LLP
2635 Camino Del Rio South, Suite 306
San Diego, California 92108
TEL (619) 296-5884   FAX (619) 296-5171

13

HIDEN, ROTT & OERTLE, LLP
2635 Camino Del Rio South, Suite 306
San Diego, California 92108
TEL (619) 296-5884   FAX (619) 296-5171

under Defendant's direction and control, and therefore Defendant directly practiced the methods disclosed in United States Patent No. 7,452,916.

78.     End-users of Defendant's accused products were also direct infringers of one or more claims of United States Patent No. 7,452,916.

79.     End-users of Defendant's accused products have taken, used, and orally administered the accused products.

80.     The accused products were formulated, made, manufactured, shipped, distributed, advertised, offered for sale, and sold by Defendant to include certain ingredients that, by virtue of their inclusion in the products, infringed one or more claims of United States Patent No. 7,452,916.

81.     The accused products were formulated, made, manufactured, shipped, distributed, advertised, offered for sale, and sold by Defendant to include specific ingredients for purposes that, by their inclusion in the products for such purposes, infringed one or more claims of United States Patent No. 7,452,916, and as a result, when end-users of Defendant's accused products orally administered the accused products, they were practicing the methods disclosed in one or more claims of that patent.

82.     Defendant's labels and advertising for the accused products explained the elements and essential elements of the methods disclosed in United States Patent No. 7,452,916, and those labels and advertising statements encouraged, urged, and induced the accused products' end-users to purchase and orally ingest the products to practice those methods, and end-users did practice those methods.

83.     Defendant therefore specifically intended to cause these end-users to directly infringe the claimed methods of United States Patent No. 7,452,916, and had in fact urged them to do so.

84.     The accused products were not suitable for non-infringing uses, and none of Defendant's labels or advertisements for the accused products disclosed

14

1  any uses for the products, nor for the compounds disclosed in the claimed methods,
2  that did not infringe upon such methods.

3      85.   The inclusion of these specific infringing compounds in the products
4  was material to practicing such methods.

5      86.   Defendant had knowledge that the accused products were especially
6  adapted by end-users of the products for the practicing of such methods, and,
7  indeed, Defendant encouraged, urged, and induced the accused products' end-users
8  to purchase and orally administer the accused products to practice such methods.

9      87.   Defendant intentionally and knowingly induced, encouraged, and
10  urged end-users of the accused products to purchase and orally administer the
11  accused products for the purposes disclosed in one or more claims of United States
12  Patent No. 7,452,916, by having them orally ingest the compounds disclosed in
13  such claims.

14      88.   Defendant had knowledge of the fact that the accused products,
15  particularly as administered, infringed on one or more claims of United States
16  Patent No. 7,452,916.

17      89.   Defendant also had direct, firsthand knowledge of United States Patent
18  No. 7,452,916 itself.

19      90.   Defendant's activities were without express or implied license by
20  Plaintiff.

21      91.   As a result of Defendant's acts of infringement, Plaintiff suffered and
22  will continue to suffer damages in an amount to be proved at trial.

23      92.   Defendant's past infringements and/or continuing infringements have
24  been deliberate and willful, and this case is therefore an exceptional case, which
25  warrants an award of treble damages and attorneys' fees in accordance with 35
26  U.S.C. § 285.

27  ///

28  ///

HIDEN, ROTT & OERTLE, LLP
2635 Camino Del Rio South, Suite 306
San Diego, California 92108
TEL (619) 296-5884   FAX (619) 296-5171

COMPLAINT FOR PATENT INFRINGEMENT

## VII.   FOURTH CAUSE OF ACTION

### Infringement of U.S. Patent No. 6,117,872

93.   Plaintiff repeats and re-alleges the allegations of the foregoing paragraphs of this Complaint as if fully set forth herein.

94.   Defendant has in the past and still is literally and directly infringing or directly infringing under the doctrine of equivalents one or more claims of United States Patent No. 6,117,872 by making, using, selling, and offering for sale the accused products, or any one of those products, and will continue to do so unless enjoined by this Court.

95.   In addition to the fact that Defendant makes, uses, sells, and offers for sale the accused products, further examples of Defendant's direct infringements include, without limitation, the fact that Defendant has encouraged and/or is aware of the fact that its employees, agents, representatives and other persons sponsored by or who endorse Defendant and Defendant's products in advertising and marketing activities orally administer the accused products and practice the methods disclosed in one or more claims of United States Patent No. 6,117,872, and these employees, agents, representatives and other persons sponsored by or who endorse Defendant and Defendant's products in advertising and marketing activities are acting under Defendant's direction and control when practicing those methods.

96.   Defendant has encouraged and is aware of these persons' oral administration of the accused products for these purposes, these persons are acting under Defendant's direction and control, and therefore Defendant is directly practicing the methods disclosed in United States Patent No. 6,117,872.

97.   End-users of Defendant's accused products are also direct infringers of one or more claims of United States Patent No. 6,117,872.

98.   End-users of Defendant's accused products have taken, used, and orally administered the accused products.

HIDEN, ROTT & OERTLE, LLP
2635 Camino Del Rio South, Suite 306
San Diego, California 92108
TEL (619) 296-5884   FAX (619) 296-5171

99. The accused products are formulated, made, manufactured, shipped, distributed, advertised, offered for sale, and sold by Defendant to include certain ingredients that, by virtue of their inclusion in the products, infringe one or more claims of United States Patent No. 6,117,872.

100. The accused products is formulated, made, manufactured, shipped, distributed, advertised, offered for sale, and sold by Defendant to include specific ingredients for purposes that, by their inclusion in the products for such purposes, infringe one or more claims of United States Patent No. 6,117,872, and as a result, when end-users of Defendant's accused products orally administer the accused products, they are practicing the methods disclosed in one or more claims of that patent.

101. Defendant's labels and advertising for the accused products explain the elements and essential elements of the methods disclosed in United States Patent No. 6,117,872, and those labels and advertising statements encourage, urge, and induce the accused products' end-users to purchase and orally ingest the products to practice those methods, and end-users do practice those methods.

102. Defendant has therefore specifically intended to cause these end-users to directly infringe the claimed methods of United States Patent No. 6,117,872, and has in fact urged them to do so.

103. The accused products are not suitable for non-infringing uses, and none of Defendant's labels or advertisements for the accused products disclose any uses for the products, nor for the compounds disclosed in the claimed methods, that do not infringe upon such methods.

104. The inclusion of these specific infringing compounds in the products is material to practicing such methods.

105. Defendant has knowledge that the accused products are especially adapted by end-users of the products for the practicing of such methods, and, indeed, Defendant encourages, urges, and induces the accused products' end-users

HIDEN, ROTT & OERTLE, LLP
2635 Camino Del Rio South, Suite 306
San Diego, California 92108
TEL (619) 296-5884  FAX (619) 296-5171

to purchase and orally administer the accused products to practice such methods, and have done so in the past.

106.   Defendant has intentionally and knowingly induced, encouraged, and urged end-users of the accused products to purchase and orally administer the accused products for the purposes disclosed in one or more claims of United States Patent No. 6,117,872, by having them orally ingest the compounds disclosed in such claims.

107.   Defendant has knowledge of the fact that the accused products, particularly as administered, infringe on one or more claims of United States Patent No. 6,117,872.

108.   Defendant also has direct, firsthand knowledge of United States Patent No. 6,117,872.

109.   Defendant's activities have been without express or implied license by Plaintiff.

110.   As a result of Defendant's acts of infringement, Plaintiff has suffered and will continue to suffer damages in an amount to be proved at trial.

111.   As a result of Defendant's acts of infringement, Plaintiff has been and will continue to be irreparably harmed by Defendant's infringements, which will continue unless Defendant is enjoined by this Court.

112.   Defendant's past infringements and/or continuing infringements have been deliberate and willful, and this case is therefore an exceptional case, which warrants an award of treble damages and attorneys' fees in accordance with 35 U.S.C. § 285.

## VIII. <u>PRAYER FOR RELIEF</u>

WHEREFORE, Plaintiff prays for entry of judgment against Defendant as follows:

1.   A declaration that Defendant has infringed the patents in suit, under 35 U.S.C. §§ 271 *et seq.*;

HIDEN, ROTT & OERTLE, LLP
2635 Camino Del Rio South, Suite 306
San Diego, California 92108
TEL (619) 296-5884   FAX (619) 296-5171

18

2.     That injunctions, preliminary and permanent, be issued by this Court restraining Defendant, its officers, agents, servants, directors, and employees, and all persons in active concert or participation with each, from directly or indirectly infringing, or inducing or contributing to the infringement by others of, United States Patent No. 6,117,872;

3.     That Defendant be required to provide to Plaintiff an accounting of all gains, profits, and advantages derived by Defendant's infringement of the patents in suit, and that Plaintiff be awarded damages adequate to compensate Plaintiff for the wrongful infringing acts by Defendant, in accordance with 35 U.S.C. § 284;

4.     That the damages awarded to Plaintiff with regard to the patents in suit be increased up to three times, in view of Defendant's willful infringement, in accordance with 35 U.S.C. § 284;

5.     That this case be declared to be exceptional in favor of Plaintiff under 35 U.S.C. § 285, and that Plaintiff be awarded its reasonable attorneys' fees and other expenses incurred in connection with this action;

6.     That Plaintiff be awarded its interest and costs of suit incurred in this action;

7.     Compensatory damages;

8.     Punitive damages; and

9.     That Plaintiff be awarded such other and further relief as this Court may deem just and proper.

///
///
///
///
///
///
///

COMPLAINT FOR PATENT INFRINGEMENT

## DEMAND FOR JURY TRIAL

Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiff hereby demands a jury trial for all issues in this case that properly are subject to a jury trial.

DATED: September 13, 2013

**HIDEN, ROTT & OERTLE, LLP**

By: _____

Eric M. Overholt, Esq.
*Attorneys for Plaintiff*

HIDEN, ROTT & OERTLE, LLP

2635 Camino Del Rio South, Suite 306
San Diego, California 92108
TEL (619) 296-5884   FAX (619) 296-5171

COMPLAINT FOR PATENT INFRINGEMENT

JS 44 (Rev. 12/12) CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

THERMOLIFE INTERNATIONAL, LLC

**DEFENDANTS**

MUSCLE WARFARE, INC.

**(b)** County of Residence of First Listed Plaintiff   **Los Angeles County**
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF
THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*

SEE ATTACHMENT

Attorneys *(If Known)*

**'13CV2188 BEN BGS**

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1   U.S. Government
  Plaintiff
- ☒ 3   Federal Question
  *(U.S. Government Not a Party)*
- ☐ 2   U.S. Government
  Defendant
- ☐ 4   Diversity
  *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff*
*(For Diversity Cases Only)*                                    *and One Box for Defendant)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY**   **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane   ☐ 365 Personal Injury - | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 400 State Reapportionment |
| ☐ 130 Miller Act | ☐ 315 Airplane Product   Product Liability | | | ☐ 410 Antitrust |
| ☐ 140 Negotiable Instrument | Liability   ☐ 367 Health Care/ | | **PROPERTY RIGHTS** | ☐ 430 Banks and Banking |
| ☐ 150 Recovery of Overpayment | ☐ 320 Assault, Libel &   Pharmaceutical | | ☐ 820 Copyrights | ☐ 450 Commerce |
| & Enforcement of Judgment | Slander   Personal Injury | | ☒ 830 Patent | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers'   Product Liability | | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and |
| ☐ 152 Recovery of Defaulted | Liability   ☐ 368 Asbestos Personal | | | Corrupt Organizations |
| Student Loans | ☐ 340 Marine   Injury Product | | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| (Excludes Veterans) | ☐ 345 Marine Product   Liability | | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 153 Recovery of Overpayment | Liability   **PERSONAL PROPERTY** | **LABOR** | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ |
| of Veteran's Benefits | ☐ 350 Motor Vehicle   ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards | ☐ 863 DIWC/DIWW (405(g)) | Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle   ☐ 371 Truth in Lending | Act | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| ☐ 190 Other Contract | Product Liability   ☐ 380 Other Personal | ☐ 720 Labor/Management | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal   Property Damage | Relations | | ☐ 893 Environmental Matters |
| ☐ 196 Franchise | Injury   ☐ 385 Property Damage | ☐ 740 Railway Labor Act | | ☐ 895 Freedom of Information |
| | ☐ 362 Personal Injury -   Product Liability | ☐ 751 Family and Medical | | Act |
| | Medical Malpractice | Leave Act | **FEDERAL TAX SUITS** | ☐ 896 Arbitration |
| **REAL PROPERTY** | **CIVIL RIGHTS**   **PRISONER PETITIONS** | ☐ 790 Other Labor Litigation | ☐ 870 Taxes (U.S. Plaintiff | ☐ 899 Administrative Procedure |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights   **Habeas Corpus:** | ☐ 791 Employee Retirement Income Security Act | or Defendant) | Act/Review or Appeal of |
| ☐ 220 Foreclosure | ☐ 441 Voting   ☐ 463 Alien Detainee | | ☐ 871 IRS—Third Party | Agency Decision |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment   ☐ 510 Motions to Vacate | | 26 USC 7609 | ☐ 950 Constitutionality of |
| ☐ 240 Torts to Land | ☐ 443 Housing/   Sentence | | | State Statutes |
| ☐ 245 Tort Product Liability | Accommodations   ☐ 530 General | | | |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities -   ☐ 535 Death Penalty | **IMMIGRATION** | | |
| | Employment   **Other:** | ☐ 462 Naturalization Application | | |
| | ☐ 446 Amer. w/Disabilities -   ☐ 540 Mandamus & Other | ☐ 465 Other Immigration | | |
| | Other   ☐ 550 Civil Rights | Actions | | |
| | ☐ 448 Education   ☐ 555 Prison Condition | | | |
| | ☐ 560 Civil Detainee - | | | |
| | Conditions of | | | |
| | Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another District *(specify)*
- ☐ 6 Multidistrict Litigation

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity):*
28 U.S.C. section 1331, 1338, 1367    15:1126

Brief description of cause:
Patent Litigation

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A **CLASS ACTION**
UNDER RULE 23, F.R.Cv.P.

**DEMAND $**

CHECK YES only if demanded in complaint:
**JURY DEMAND:**   ☒ Yes   ☐ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*
JUDGE Hon. Janis L. Sammartino

DOCKET NUMBER 13-CV-651

DATE 9/13/13

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT #          AMOUNT          APPLYING IFP          JUDGE          MAG. JUDGE

## ATTACHMENT TO CIVIL COVER SHEET

Attorneys:

Tyler J. Woods
Tu-Quyen Pham
Newport Trial Group, APC
4100 Newport Place, Ste. 800
CA 92660
(949) 706-6464

Eric M. Overholt
Hiden, Rott & Oertle, LLP
2635 Camino del Rio South, Ste. 306
San Diego, CA 92108
(619) 296-5884