# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THERMOLIFE INTERNATIONAL, LLC,<br><br>                    Plaintiff,<br><br>vs.<br><br><br><br>MYOGENIX CORP., et al.,<br><br>                    Defendants.<br>_____<br><br>AND RELATED CASES. | CASE NOS.<br>13-cv-651 JLS (MDD);<br>13-cv-652 JLS (MDD);<br>13-cv-653 JLS (MDD);<br>13-cv-825 JLS (MDD);<br>13-cv-830 JLS (MDD);<br>13-cv-881 JLS (MDD);<br>13-cv-883 JLS (MDD);<br>13-cv-885 JLS (MDD);<br>13-cv-886 JLS (MDD);<br>13-cv-887 JLS (MDD);<br>13-cv-888 JLS (MDD);<br>13-cv-890 JLS (MDD);<br>13-cv-906 JLS (MDD);<br>13-cv-907 JLS (MDD);<br>13-cv-908 JLS (MDD);<br>13-cv-910 JLS (MDD);<br>13-cv-911 JLS (MDD);<br>13-cv-913 JLS (MDD);<br>13-cv-914 JLS (MDD);<br>13-cv-1015 JLS (MDD)<br><br>**ORDER CONSOLIDATING CASES FOR PRETRIAL PURPOSES UP TO AND INCLUDING CLAIM CONSTRUCTION** |

13-cv-651 JLS (MDD); 13-cv-652 JLS (MDD); 13-cv-653 JLS (MDD); 13-cv-825 JLS (MDD); 13-cv-830 JLS (MDD); 13-cv-881 JLS (MDD); 13-cv-883 JLS (MDD); 13-cv-885 JLS (MDD); 13-cv-886 JLS (MDD); 13-cv-887 JLS (MDD); 13-cv-888 JLS (MDD); 13-cv-890 JLS (MDD); 13-cv-906 JLS (MDD); 13-cv-907 JLS (MDD); 13-cv-908 JLS (MDD); 13-cv-910 JLS (MDD); 13-cv-911 JLS (MDD); 13-cv-913 JLS (MDD); 13-cv-914 JLS (MDD); 13-cv-1015 JLS (MDD)

- 1 -

For the reasons set forth below, the Court **HEREBY CONSOLIDATES** the twenty (20) related cases listed below with *Thermolife International, LLC v. Myogenix Corp. et al.*, 13-CV-651 ("13cv651," or the "lead case"), for pretrial purposes up to and including claim construction.

The Court has already elaborated much of the relevant background in its previous order, incorporated here for convenience. (*See* July 19, 2013 Order, 13cv651, ECF No. 18.)

Presently before the Court are twenty-five (25) related cases, all involving patent infringement claims brought by Plaintiff Thermolife International, LLC ("Thermolife") against various Defendants. In the initial case, *Thermolife International, LLC v. Nutrismart Corporate Downtown San Diego*, Case No. 13-cv-650 ("13cv650"), Thermolife brought claims Defendants Nutrimart Corporate Downtown San Diego and Better Body Sports, LLC for direct and indirect infringement of four of its patents: (1) U.S. Patent Number 6,646,006 ("the '006 patent"); (2) U.S. Patent Number 5,891,459 ("the '459 patent"); (3) U.S. Patent Number 7,452,916 ("the '916 patent"); and (4) U.S. Patent Number 6,117,872 ("the '872 patent"). (13cv650, ECF No. 1.)

In twenty-four later filed cases filed between March 19, 2013, and April 29, 2013, Thermolife also separately sued: (1) Myogenix Corp., GNC Corporation, General Nutrition Centers, Inc., and General Nutrition Corporation[1]; (2) Joe Wells Enterprises, Inc. and Evogen, Inc.[2]; (3) Metabolic Response Modifiers, Inc. and Ultimate Sport

---

[1] *Thermolife International, LLC v. Myogenix Corp.*, 13-cv-651 JLS (MDD).

[2] *Thermolife International, LLC v. Max Muscle Inc.*, 13-cv-652 JLS (MDD).

13-cv-651 JLS (MDD); 13-cv-652 JLS (MDD); 13-cv-653 JLS (MDD); 13-cv-825 JLS (MDD); 13-cv-830 JLS (MDD); 13-cv-881 JLS (MDD); 13-cv-883 JLS (MDD); 13-cv-885 JLS (MDD); 13-cv-886 JLS (MDD); 13-cv-887 JLS (MDD); 13-cv-888 JLS (MDD); 13-cv-890 JLS (MDD); 13-cv-906 JLS (MDD); 13-cv-907 JLS (MDD); 13-cv-908 JLS (MDD); 13-cv-910 JLS (MDD); 13-cv-911 JLS (MDD); 13-cv-913 JLS (MDD); 13-cv-914 JLS (MDD); 13-cv-1015 JLS (MDD)

Nutrition[3]; (4) SNAC System, Inc.[4]; (5) Natrol, Inc.[5]; (6) San Nutrition Corp.[6]; (7) Magna-RX, Inc.[7]; (8) Hi-Tech Pharmaceuticals, Inc.[8]; (9) Gaspari Nutrition, Inc.[9]; (10) Maximum Human Performance, LLC[10]; (11) Leading Edge Herbals[11]; (12) Nutrex Research, Inc.[12]; (13) NBTY, Inc. and Vitamin World, Inc.[13]; (14) Universal Nutrition, Inc.[14]; (15) Dymatize Enterprises, LLC[15]; (16) Solgar, Inc.[16]; (17) United States Nutrition, Inc.[17]; (18) Force Factor, LLC[18]; (19) Bio-Engineered Supplements and Nutrition, Inc., ABB Performance, LLC, and Optimum Nutrition, Inc.[19]; (20) BPI

---

[3]*Thermolife International, LLC v. Metabolic Response Modifiers, Inc.*, 13-cv-653 JLS (MDD).

[4]*Thermolife International, LLC v. SNAC System, Inc.*, 13-cv-825 JLS (MDD).

[5]*Thermolife International, LLC v. Natrol, Inc.*, 13-cv-826 JLS (MDD).

[6]*Thermolife International, LLC v. San Nutrition Corp.*, 13-cv-827 JLS (MDD).

[7]*Thermolife International, LLC v. Magna-RX, Inc.*, 13-cv-828 JLS (MDD).

[8]*Thermolife International, LLC v. Hi-Tech Pharmaceuticals, Inc.*, 13-cv-830 JLS (MDD).

[9]*Thermolife International, LLC v. Gaspari Nutrition, Inc.*, 13-cv-881 JLS (MDD).

[10]*Thermolife International, LLC v. Maximum Human Performance, LLC*, 13-cv-883 JLS (MDD).

[11]*Thermolife International, LLC v. Leading Edge Herbals*, 13-cv-884 JLS (MDD).

[12]*Thermolife International, LLC v. Nutrex Research, Inc.*, 13-cv-885 JLS (MDD).

[13]*Thermolife International, LLC v. NBTY, Inc.*, 13-cv-886 JLS (MDD).

[14]*Thermolife International, LLC v. Universal Nutrition, Inc.*, 13-cv-887 JLS (MDD).

[15]*Thermolife International, LLC v. Dymatize Enterprises, LLC*, 13-cv-888 JLS (MDD).

[16]*Thermolife International, LLC v. Solgar, Inc.*, 13-cv-890 JLS (MDD).

[17]*Thermolife International, LLC v. United States Nutrition, Inc.*, 13-cv-906 JLS (MDD).

[18]*Thermolife International, LLC v. Force Factor, LLC*, 13-cv-907 JLS (MDD).

[19]*Thermolife International, LLC v. Bio-Engineered Supplements and Nutrition, Inc.*, 13-cv-908 JLS (MDD).

13-cv-651 JLS (MDD); 13-cv-652 JLS (MDD); 13-cv-653 JLS (MDD); 13-cv-825 JLS (MDD); 13-cv-830 JLS (MDD); 13-cv-881 JLS (MDD); 13-cv-883 JLS (MDD); 13-cv-885 JLS (MDD); 13-cv-886 JLS (MDD); 13-cv-887 JLS (MDD); 13-cv-888 JLS (MDD); 13-cv-890 JLS (MDD); 13-cv-906 JLS (MDD); 13-cv-907 JLS (MDD); 13-cv-908 JLS (MDD); 13-cv-910 JLS (MDD); 13-cv-911 JLS (MDD); 13-cv-913 JLS (MDD); 13-cv-914 JLS (MDD); 13-cv-1015 JLS (MDD)

Holdings, LLC and Image Sports, LLC[20]; (21) iSatori, Inc., iSatori Technologies, Inc., and iSatori Technologies, LLC[21]; (22) Kingfisher Media, LLC[22]; (23) Ultimate Nutrition, Inc.[23]; and (24) Vital Pharmaceuticals, Inc.[24] Five of the cases, including the initial case, were subsequently dismissed, leaving twenty (20) active cases.[25]

Under Federal Rule of Civil Procedure 42(a), this Court may consolidate cases that "involve a common question of law or fact." Fed. R. Civ. P. 42(a). And a district court may *sua sponte* consolidate actions as part of its broad discretion to manage its caseload. *In re Adams Apple*, 829 F.2d 1484, 1487 (9th Cir. 1987). A district court may invoke this broad discretion to consolidate cases for discovery purposes even if joinder would not be permitted under Federal Rule of Civil Procedure 20. *In re EMC Corp.*, 677 F.3d 1351, 1360 (Fed. Cir. 2012).

Here, Thermolife alleges nearly identical infringement claims based on the '006, '459, '916, and '872 patents in the twenty (20) related actions. Therefore, consolidation for pretrial purposes up to and including claim construction would avoid the unnecessary risk of inconsistent claim constructions and best serve the interests of judicial efficiency. On July 19, 2013, the Court directed the parties to show cause why the cases should not be consolidated for pretrial purposes. (13cv651, ECF No. 18.) The responding parties do not oppose consolidation, and have proposed phasing of discovery as to claim construction, patent invalidity and/or unenforceability, including inequitable conduct. (651, ECF No. 16 at 4.) Having reviewed the parties' responses,

---

[20]*Thermolife International, LLC v. BPI Sports Holdings, LLC*, 13-cv-910 JLS (MDD).

[21]*Thermolife International, LLC v. Isatori, Inc.*, 13-cv-911 JLS (MDD).

[22]*Thermolife International, LLC v. Kingfisher Media, LLC*, 13-cv-913 JLS (MDD).

[23]*Thermolife International, LLC v. Ultimate Nutrition, Inc.*, 13-cv-914 JLS (MDD).

[24]*Thermolife International, LLC v. Vital Pharmaceuticals, Inc.*, 13-cv-1015 JLS (MDD).

[25]13-cv-650, ECF No. 12; 13-cv-828, ECF No. 6; 13-cv-884, ECF No. 5; 13-cv-826, ECF No. 19; 13-cv-827, ECF No. 20.

13-cv-651 JLS (MDD); 13-cv-652 JLS (MDD); 13-cv-653 JLS (MDD); 13-cv-825 JLS (MDD); 13-cv-830 JLS (MDD); 13-cv-881 JLS (MDD); 13-cv-883 JLS (MDD); 13-cv-885 JLS (MDD); 13-cv-886 JLS (MDD); 13-cv-887 JLS (MDD); 13-cv-888 JLS (MDD); 13-cv-890 JLS (MDD); 13-cv-906 JLS (MDD); 13-cv-907 JLS (MDD); 13-cv-908 JLS (MDD); 13-cv-910 JLS (MDD); 13-cv-911 JLS (MDD); 13-cv-913 JLS (MDD); 13-cv-914 JLS (MDD); 13-cv-1015 JLS (MDD)

the Court **HEREBY ORDERS**:

1. *Consolidation*. The twenty (20) related cases above are **CONSOLIDATED** for all pretrial issues up to and including claim construction with the lead case, 13cv651. All parties shall file any future motions and related filings in the lead case.

2. *Liaison Counsel*. As designated by Defendants, Counsel of record from Venable LLP, including Daniel S. Silverman, and Arnold & Porter LLP, including Monty Agarwal, will serve as liaison counsel to assist the Court in coordinating pre-trial matters. Specifically, liaison counsel shall serve as the primary point of contact for the Court and otherwise assist in the coordination of activities and positions.

3. *Initial Conference*. All parties shall appear in person or telephonically with the undersigned on September 25, 2013, at 10:00 A.M. Defendants' liaison counsel shall coordinate a dial-in number for counsel appearing telephonically to participate in the September 25, 2013 conference. Once all counsel appearing telephonically are on the line, liaison counsel shall contact Chambers at (619) 557-5549 to conference the Court into the conference call.

> (a) *Attendance*. To minimize costs and facilitate a manageable conference, parties shall be allowed to appear telephonically, and parties with similar interests are expected to agree to the extent practicable on a single attorney to act on their joint behalf at the conference. A party will not, be designating an attorney to represent its interests at the conference, be precluded from other representation during the litigation; and appearance at the conference will not waive objections to jurisdiction, venue, or service. Counsel attending shall have authority to agree to case management dates. The Court is not inclined to reschedule the September 25, 2013 conference. Should any counsel have a conflict with the date and time, he or she shall arrange to have another attorney available.
>
> (b) *Service*. This order is being distributed through this District's electronic case

13-cv-651 JLS (MDD); 13-cv-652 JLS (MDD); 13-cv-653 JLS (MDD); 13-cv-825 JLS (MDD); 13-cv-830 JLS (MDD); 13-cv-881 JLS (MDD); 13-cv-883 JLS (MDD); 13-cv-885 JLS (MDD); 13-cv-886 JLS (MDD); 13-cv-887 JLS (MDD); 13-cv-888 JLS (MDD); 13-cv-890 JLS (MDD); 13-cv-906 JLS (MDD); 13-cv-907 JLS (MDD); 13-cv-908 JLS (MDD); 13-cv-910 JLS (MDD); 13-cv-911 JLS (MDD); 13-cv-913 JLS (MDD); 13-cv-914 JLS (MDD); 13-cv-1015 JLS (MDD)

- 5 -

filing system to all counsel who have made appearances in the above-captioned cases.  As a courtesy, Plaintiff's counsel and Defendants' liaison counsel shall provide a copy of this order to defense counsel who have yet to make an appearance, but are known as representing a defendant in the above-captioned cases.  Plaintiff's counsel and Defendants' liaison counsel shall also provide, as a courtesy, a copy of this order to defense counsel in any related cases it anticipates will be transferred to the undersigned pursuant to Civil Local Rule 40.1.e.

(c) *List of Participants*.  On or before September 23, 2013, Plaintiff's counsel and Defendants' liaison counsel shall submit a list identifying all participants for the conference and whom they represent.  The list shall be submitted by e-mail to efile_sammartino@casd.uscourts.gov and efile_dembin@casd.uscourts.gov.

4. *Purposes and Agenda*.  The conference will be held for the purposes specified in Federal Rules of Civil Procedure 16(a), 16(c), and 26(f) and subject to the sanctions prescribed in Rule 16(f).  Counsel should be prepared to discuss the following issues:

(a) the filing on a coordinated basis of any Rule 12(b) motions and any other motions which do not require discovery;

(b) the initial disclosure dates under Federal Rule of Civil Procedure 26(a), and any anticipated objections under Rule 26(a)(1)(E) to the initial disclosure provisions of Rule 26(a)(1)(A)–(D);

(c) same with respect to the disclosures and document productions required by Patent Local Rule 3;

(d) any proposed modification to the procedures provided in the Patent Local Rules, and the effect of any such modification on the date and time of the claim construction hearing, if any;

(e)  entering into a joint defense agreement for purposes of preparing initial invalidity contentions and claim construction submissions;

13-cv-651 JLS (MDD); 13-cv-652 JLS (MDD); 13-cv-653 JLS (MDD); 13-cv-825 JLS (MDD); 13-cv-830 JLS (MDD); 13-cv-881 JLS (MDD); 13-cv-883 JLS (MDD); 13-cv-885 JLS (MDD); 13-cv-886 JLS (MDD); 13-cv-887 JLS (MDD); 13-cv-888 JLS (MDD); 13-cv-890 JLS (MDD); 13-cv-906 JLS (MDD); 13-cv-907 JLS (MDD); 13-cv-908 JLS (MDD); 13-cv-910 JLS (MDD); 13-cv-911 JLS (MDD); 13-cv-913 JLS (MDD); 13-cv-914 JLS (MDD); 13-cv-1015 JLS (MDD)

- 6 -

(f) the claim construction hearing, related due dates, and whether the parties desire to present live testimony at the hearing;

(g) any need for, or specific limitation on, claim construction discovery, including deposition of percipient and expert witnesses;

(h) the order of presentation at the claim construction hearing;

(i) discovery due dates, including expert disclosure and discovery due dates, whether the parties request that discovery be parsed to minimize duplication of effort and promote efficiency and any proposed modifications to the limitations on discovery imposed by the Federal Rules of Civil Procedure;

(j) the timing of summary judgment motions and their relationship to claim construction;

(k) any issues that could potentially give rise to dispositive motions, including related discovery; and

(l) suggestions for procedures that will facilitate the just, speedy, and inexpensive resolution of this litigation.  Counsel are encouraged to advise the Court as soon as possible of any items that should be added to this agenda.

5. *Preparations for Conference*.

(a) *Procedures for Patent Litigation*.  Counsel are expected to familiarize themselves with this District's Local Rules and Patent Local Rules.

(b) *Initial Conference of Counsel*.  Before the conference, counsel shall meet and confer and seek consensus to the extent possible with respect to the items on the agenda, including a proposed discovery plan under Rule 26(f) and a suggested schedule under Rule 16(b) for joinder of parties, amendment of pleadings, motions, claim construction, and trial.

(c) *Preliminary Reports*.  Plaintiff's counsel will submit to the Court, <u>no later than September 18, 2013</u>, a brief joint written statement indicating the parties' preliminary understanding of the patents and accused devices involved in the

13-cv-651 JLS (MDD); 13-cv-652 JLS (MDD); 13-cv-653 JLS (MDD); 13-cv-825 JLS (MDD); 13-cv-830 JLS (MDD); 13-cv-881 JLS (MDD); 13-cv-883 JLS (MDD); 13-cv-885 JLS (MDD); 13-cv-886 JLS (MDD); 13-cv-887 JLS (MDD); 13-cv-888 JLS (MDD); 13-cv-890 JLS (MDD); 13-cv-906 JLS (MDD); 13-cv-907 JLS (MDD); 13-cv-908 JLS (MDD); 13-cv-910 JLS (MDD); 13-cv-911 JLS (MDD); 13-cv-913 JLS (MDD); 13-cv-914 JLS (MDD); 13-cv-1015 JLS (MDD)                - 7 -

litigation, and the critical factual and legal issues. These statements will not be binding, will not waive claims or defenses, and may not be offered into evidence against a party in later proceedings. The statements should not be filed with the Clerk, but should be e-mailed to efile_sammartino@casd.uscourts.gov and efile_dembin@casd.uscourts.gov.

(d) ***Patent Information***. The joint statement shall discuss whether the asserted patents, or any related patents, have been litigated in actions against other parties and the outcome of any such action(s); and whether the asserted patents, or any related patents, have been or may be subject to reexamination or inter partes review by the United States Patent Office, and the outcome of any such proceedings.

(e) ***List of Pending Motions***. The joint statement shall list all pending motions.

(f) ***List of Affiliated Companies and Counsel***. To assist the Court in identifying any problems of recusal or disqualification, Plaintiff's counsel and Defendants' liaison counsel will submit to the Court <u>on or before  September 23, 2013</u>, a comprehensive list of all companies affiliated with the parties and all counsel associated in the litigation.

6. ***Interim Measures***. Until otherwise ordered by the Court:

(a) ***Pending and new discovery***. Pending the conference, all outstanding disclosure and discovery proceedings are stayed and no further discovery shall be initiated. This order does not (1) preclude voluntary informal discovery regarding the identification and location of relevant documents and witnesses; (2) preclude parties from stipulating to the conduct of a deposition that has already been scheduled; (3) prevent a party from voluntarily making disclosures, responding to an outstanding discovery request under Federal Rule of Civil Procedure 33, 34,  or 36; or (4) authorize a party to suspend its efforts in gathering information needed to respond to a request under Rule 33, 34, or 36.

13-cv-651 JLS (MDD); 13-cv-652 JLS (MDD); 13-cv-653 JLS (MDD); 13-cv-825 JLS (MDD); 13-cv-830 JLS (MDD); 13-cv-881 JLS (MDD); 13-cv-883 JLS (MDD); 13-cv-885 JLS (MDD); 13-cv-886 JLS (MDD); 13-cv-887 JLS (MDD); 13-cv-888 JLS (MDD); 13-cv-890 JLS (MDD); 13-cv-906 JLS (MDD); 13-cv-907 JLS (MDD); 13-cv-908 JLS (MDD); 13-cv-910 JLS (MDD); 13-cv-911 JLS (MDD); 13-cv-913 JLS (MDD); 13-cv-914 JLS (MDD); 13-cv-1015 JLS (MDD)
- 8 -

Relief from this stay may be granted for good cause shown, such as the ill health of a proposed deponent.

(b) ***Preservation of records***. All parties and their counsel are reminded of their duty to preserve evidence that may be relevant to this action. The duty extends to documents, data, and tangible things in the possession, custody and control of the parties to this action, and any employees, agents, contractors, carriers, bailees, or other nonparties who possess materials reasonably anticipated to be subject to discovery in this action. Counsel is under an obligation to exercise reasonable efforts to identify and notify such nonparties, including employees of corporate or institutional parties.

(c) ***Motions***. No motion shall be filed under Rule 11, 12, or 56 without leave of Court and unless it includes a certificate that the movant has conferred with opposing counsel in a good-faith effort to resolve the matters without court action.

7. ***Later filed cases***. This Order shall apply to related cases later filed in, removed to, or transferred to this Court.

8. ***Dismissed cases***. If an order of dismissal is entered in any of the above-captioned cases or a notice of voluntary dismissal is filed pursuant to Federal Rule of Civil Procedure 41(a), counsel for dismissed parties is excused from attending the September 25, 2013 conference.

**IT IS SO ORDERED**.

DATED: August 30, 2013

*Janis L. Sammartino*
Honorable Janis L. Sammartino
United States District Judge

13-cv-651 JLS (MDD); 13-cv-652 JLS (MDD); 13-cv-653 JLS (MDD); 13-cv-825 JLS (MDD); 13-cv-830 JLS (MDD); 13-cv-881 JLS (MDD); 13-cv-883 JLS (MDD); 13-cv-885 JLS (MDD); 13-cv-886 JLS (MDD); 13-cv-887 JLS (MDD); 13-cv-888 JLS (MDD); 13-cv-890 JLS (MDD); 13-cv-906 JLS (MDD); 13-cv-907 JLS (MDD); 13-cv-908 JLS (MDD); 13-cv-910 JLS (MDD); 13-cv-911 JLS (MDD); 13-cv-913 JLS (MDD); 13-cv-914 JLS (MDD); 13-cv-1015 JLS (MDD)